UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID R. KITTAY,<br><br>　　　　　　　　Plaintiff,<br><br>　　-v-<br><br>JOSEPH KORFF,<br><br>　　　　　　　　Defendant. | Case No. 08 CV 7421 (RPP) |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION, JUDGMENT, AND ATTORNEYS FEES AND LITIGATION COSTS

Carl W. Oberdier (CO-4150)
coberdier@schiffhardin.com
SCHIFF HARDIN LLP
900 Third Avenue
New York, New York 10022
Telephone: (212) 753-5000
Facsimile: (212) 753-5044

Andrea Marcus (AM-1994)
Andrea.marcus@gmail.com
c/o Arc Development LLC
250 Park Avenue, Suite 501
New York, New York 10177
Telephone: 203-767-2580
Facsimile: (212) 702-5807

*Counsel for Defendant Joseph Korff*

## TABLE OF CONTENTS

Page

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................1

I. Reconsideration Is Appropriate ..........................................................................................1

    A. Overreliance On The High Bar For Reconsideration Is The Last Refuge Of The Desolate .......................................................................................................1

    B. Defendant Has Demonstrated Multiple Grounds for Reconsideration ....................2

        1. The December 11 Transcript Is "Newly Available" And May Properly Be Considered By The Court .......................................................3

        2. The Court's Reliance on Plaintiff's Hearsay Allegations Regarding the December 11 Conference was "Clear Error" ..........................................5

        3. Plaintiff's Unrefuted Misrepresentation Of The December 11 Transcript Is Sufficient By Itself To Warrant Reconsideration .....................5

II. Plaintiff Is Not Entitled To Equitable Tolling ....................................................................6

    A. Plaintiff Does Not Even Attempt To Satisfy The Requirements For Equitable Tolling .......................................................................................................6

    B. Plaintiff Continues to Misrepresent the Record .......................................................7

    C. Unsworn Admissions Of Other Defendants In Other Proceedings Are The Rankest Of Inadmissible Hearsay ............................................................................7

    D. Controlling Second Circuit Authority Precludes Equitable Tolling .........................8

    E. Equitable Tolling Is Not Available To Cure Misjoinder Dismissals ........................9

III. Defendant Is Entitled To His Attorneys Fees And Litigation Costs ................................10

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Berry v. Littlefield, Alvord & Co.*,
   296 F. 285, 287-88 (D.C. Cir. 1924) ...................................................................................8

*Bristol-Myers Squibb Co. v. Rhône-Poulenc Rorer, Inc.*,
   No. 95 Civ. 8833, 1998 WL 158958 (S.D.N.Y. April 2, 1998) ..........................................2

*Bulgartabac Holding AD v. Republic of Iraq*,
   2009 WL 3113252 (S.D.N.Y.) .....................................................................................8 n.13

*Campbell v. Cantor Fitzgerald & Co.*,
   205 F.3d 1321, 1999 WL 1424999 (2d Cir. Dec. 23, 1999) ..........................................4 n.6

*Catskill Development, L.L.C. v. Park Place Entertainment Corp.*,
   154 F.Supp.2d 696 ...............................................................................................................1

*Colon v. Potter*,
   51 Fed.Appx. 43, 2002 WL 31558049 (2d Cir. Nov. 19, 2002) .........................................4

*Coons v. Industrial Knife Co., Inc.*,
   620 F.3d 38 (1st Cir. 2010) ............................................................................................1 n2

*Crown Castle USA Inc. v. Fred A. Nudd Corp.*,
   No. 05-CV-6163T, 2008 WL 3841298 (W.D.N.Y. Aug 13, 2008) ..............................2-3 n.4

*DeSimone v. JP Morgan/Chase Bank*,
   No. 02 Civ. 7039, 2004 WL 2978011 (S.D.N.Y. Dec. 22, 2004) .......................................5

*Deutsche Bank AG Securities Litigation*,
   No. 09 Civ. 1714, 2009 WL 4277202 (S.D.N.Y. Nov. 23, 2009) ......................................2

*Elgendy v. City of New York*,
   No. 99 CIV. 5196, 2000 WL 1119080 (Aug. 7, 2000, S.D.N.Y.) .................................6 n.10

*Elmore v. Henderson*,
   227 F.3d 1009 (7th Cir. 2000) ........................................................................................9, 10

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*,
   322 U.S. 238 (1944) ............................................................................................................6

*Heinze v. Bauer*,
   145 Idaho 232, 178 P.3d 597 (2008) ..................................................................................8

*Jacobs v. Mostow*,
   271 Fed. Appx. 85, 2008 WL 834128 (2d Cir. 2008) ..................................................8 n.13

*Johnson v. Nyack Hospital*,
   86 F.3d 8 (2d Cir. 1996) .....................................................................................................6

*Mario Valente Collezioni, Ltd. v. AAK Ltd.,*
  No. 02 Civ. 0099, 2004 WL 724690 (S.D.N.Y. March 26, 2004) ...................................................... 2

*McIntosh v. Antonino,*
  71 F.3d 29 (1st Cir. 1995). .................................................................................................. 1 n.2

*Meteor Ag v. Federal Exp. Corp.,*
  Case No. 08 Civ. 3773, 2009 WL 3853802 (S.D.N.Y. Nov. 18, 2009) ............................ 2-3 n.4, 4

*Murphy v. Allied World Assur. Co.,* No. 08 Civ. 3821, 2009 WL 1528527
  (S.D.N.Y. May 29, 2009), *aff'd,* 370 Fed.Appx. 193 (2d Cir. March 23, 2010) ............................ 2, 3

*New Shows, Inc. v. Don King Productions, Inc.,*
  No. 95 Civ. 8851, 1997 WL 441980 (S.D.N.Y. Aug. 5, 1997) ............................................... 2 n.3

*Pape v. Bd. of Educ.,*
  No. 07-CV-8828, 2009 WL 3151200 (S.D.N.Y. Sept. 29, 2009) ........................................... 8 n.13

*Patterson v. County of Oneida,*
  375 F.3d 206 (2d Cir. 2004) ........................................................................................................ 5

*Pearl v. City of Long Beach,*
  296 F.3d 76 (2d Cir. 2002) ................................................................................................ 8 & n.13

*Rochester v. Sixth Precinct Police Station,*
  370 Fed. Appx.244, 2010 WL 1170085 (2d Cir. March 25, 2010) ........................................ 9 n.15

*Romero v. U.S.,* No. 00 Civ. 3513, 2003 WL 1483767
  (S.D.N.Y. March 21, 2003), *aff'd,* 118 Fed.Appx.528 (2d Cir. Dec. 14, 2004) ...................... 2 n3

*Rowe Entertainment, Inc. v. The William Morris Agency,*
  No. 98 Civ. 8272, 2005 WL 22833 (S.D.N.Y. Jan. 5, 2005) ..................................................... 5

*Schoenfeld v. Worldwide Dreams LLC,*
  No. 98 Civ. 7093, 2000 WL 28159 (S.D.N.Y. Jan. 13, 2000) .................................................... 5

*Silivanch v. Celebrity Cruises, Inc.,*
  333 F.3d 355 (2d Cir. 2003) .............................................................................................. 8 & n.13

*Smaldone v. Senkowski,*
  273 F.3d 133 (2d Cir. 2001) .............................................................................................. 9 & n.14

*Thomas America Corp. v. Fitzgerald,*
  968 F.Supp. 154 (S.D.N.Y. 1997) .................................................................................... 5-6 & n.9

*Treppel v. Biovail Corp.,*
  No. 03 Civ. 3002, 2005 WL 427538 (S.D.N.Y. Feb. 22, 2005) .................................................. 3

*United States v. Potamkin Cadillac Corp.,*
  697 F.2d 491 (2d Cir. 1983) ............................................................................................... 4 n.6

**Rules**

Fed. R. Civ. P. 8(c)) ..............................................................................................................1

Fed. R. Civ. P. 12(c) ..............................................................................................................1

Fed. R. Civ. P. 12(d) ..............................................................................................................1

Fed. R. Civ. P. 12(h)(2); ........................................................................................................1

Fed R. Civ. P. 59(e) ........................................................................................................*passim*

Fed. R. Civ. P. 60(b) .......................................................................................................*passim*

S.D.N.Y. Local Rule 6.3 ................................................................................................*passim*

Defendant respectfully submits this reply memorandum of law in support of his motion for reconsideration, judgment and attorneys fees and litigation costs.[1]

## INTRODUCTION

## BUT WHAT ABOUT THE *C\*O\*N\*S\*E\*N\*T  \*O\*R\*D\*E\*R*?

## ARGUMENT

I. <u>RECONSIDERATION IS APPROPRIATE</u>

    A. <u>Overreliance On The High Bar For Reconsideration Is The Last Refuge Of The Desolate</u>

Plaintiff's allergic inability even to utter the words "consent order" says it all. He does not deny that he disregarded Judge Hardin's instruction to obtain a consent order providing for relation back, thus allowing the limitations period to expire. Nor does he deny that he misrepresented this crucial fact to this Court, resulting in an erroneous denial of Defendant's limitations defense. Indeed, he never once cites to or discusses the December 11 Transcript. Rather, he presents 25 pages of misdirection trying to change the subject – pretending that reconsideration is such an impossibly unattainable Grail as to be unavailable even when a Court order has been obtained by fraud.[2]

But Plaintiff's inability to present so much as a fig leaf covering his shortcomings on the merits should make reconsideration a foregone conclusion. Courts that value their affirmance rates do not knowingly leave erroneous decisions uncorrected, regardless of the formalities of reconsideration. For example, in *Catskill Development, L.L.C. v. Park Place Entertainment Corp.*, 154 F.Supp.2d 696

---

[1] Capitalized terms shall be defined as in the Memorandum Of Law In Support Of Defendant's Motion For Reconsideration, Judgment, And Attorneys Fees And Litigation Costs ("Def. Mem.").

[2] Although Plaintiff repeatedly refers to Defendant's "eve of trial motion" to dismiss on limitations grounds, there was nothing improper in the timing of Defendant's motion. The Federal Rules require only that a limitations defense be preserved in the answer (*see* Fed. R. Civ. P. 8(c)); once that is done, the defendant can assert it in a motion at any time before the end of trial; ***or even after trial***. Fed. R. Civ. P. 12(h)(2); *see also Coons v. Industrial Knife Co., Inc.*, 620 F.3d 38, 40-41 (1st Cir. 2010) (defendant "does not waive a properly pleaded defense by failing to raise it in a motion before trial"). "[I]f the plaintiff desires to force an up-or-down decision on the asserted defense in the early stages of the case, he has the power to bring it to the forefront. *See* Fed. R. Civ. P. 12(c)-(d)." *McIntosh v. Antonino*, 71 F.3d 29, 38 (1st Cir. 1995).

(S.D.N.Y. 2001), the Court, despite its annoyance that the movants had "submitted precious little background information" in their original motion and "used this motion to fill in the gaps in their earlier papers," nevertheless granted reconsideration and reversed its prior decision. 154 F.Supp.2d at 698. So, too, this Court has at least thrice granted reconsideration to correct an erroneous prior decision without expressly finding that the requirements for reconsideration were met. *See Bristol-Myers Squibb Co. v. Rhône-Poulenc Rorer, Inc.*, No. 95 Civ. 8833, 1998 WL 158958 (S.D.N.Y. April 2, 1998) (Patterson, J.) (granting reconsideration without discussion and reversing prior decision based on apparently new arguments and evidence by the movant).[3]

### B.  Defendant Has Demonstrated Multiple Grounds for Reconsideration

In any event, Defendant plainly has met the requirements for reconsideration. Under Local Rule 6.3 and Rule 59(e), "a motion for reargument may be granted when there is a need to correct a clear error or prevent manifest injustice . . . [or] when a court has overlooked controlling decisions or factual matters which were placed before it in the underlying motion." *Mario Valente Collezioni, Ltd. v. AAK Ltd.*, No. 02 Civ. 0099, 2004 WL 724690 (S.D.N.Y. March 26, 2004) (Patterson, J.) (internal punctuation and citations omitted) (granting reconsideration). Reconsideration under these Rules is also appropriate where "there is an intervening change of controlling law [or] newly available evidence." *Murphy v. Allied World Assur. Co.*, No. 08 Civ. 3821, 2009 WL 1528527 *1 (S.D.N.Y. May 29, 2009) (Lynch, J.), *aff'd*, 370 Fed.Appx. 193 (2d Cir. March 23, 2010). The standards for reconsideration under Local Rule 6.3 and Rule 59(e) are the same. *In re Deutsche Bank AG Securities Litigation*, No. 09 Civ. 1714, 2009 WL 4277202 (S.D.N.Y. Nov. 23, 2009).[4]

---

[3] *See also New Shows, Inc., S.A. De C.V. v. Don King Productions, Inc.*, No. 95 Civ. 8851, 1997 WL 441980 (S.D.N.Y. Aug. 5, 1997) (Patterson, J.) (same); *Romero v. U.S.*, No. 00 Civ. 3513, 2003 WL 1483767 *2 (S.D.N.Y. March 21, 2003) (Patterson, J.) (same), *aff'd*, 118 Fed.Appx.528 (2d Cir. Dec. 14, 2004).

[4] Plaintiff quibbles that reconsideration of a non-final order is available only under Local Rule 6.3, not Rules 59(e) or 60(b). Plaintiff's Memorandum Of Law In Opposition To Defendant's Motion For Reconsideration ("Pl. Mem.") 4 n.3, 10-11. But even the cases Plaintiff cites demonstrate that the issue is far from settled.

2

Here, for the reasons described below, reconsideration is appropriate on several grounds: newly available evidence, the need to correct a clear error, Plaintiff's misrepresentations, and the Court's overlooking of controlling authority and factual matters previously placed before it.

    1.    The December 11 Transcript Is "Newly Available" And May Properly Be Considered By The Court

The December 11 Transcript, which shatters Plaintiff's claim to equitable tolling, is plainly "newly available" because Defendant did not obtain it until after trial. *See* Oberdier Dec. ¶ 4. Yet Plaintiff makes the remarkable assertion that despite his flagrant misrepresentations of the Transcript, the Court may not consider its true contents because Defendant did not submit it with his original motion. Pl. Mem. 4-5, 11, 12-13. Plaintiff is wrong: Local Rule 6.3, like Rule 59(e), permits reconsideration based on "newly-available" evidence. Both Rules disfavor only "new evidence" that was in the movant's possession at the time of his prior motion. *See Treppel v. Biovail Corp.*, No. 03 Civ. 3002, 2005 WL 427538 *3 (S.D.N.Y. Feb. 22, 2005) (Local Rule 6.3 motion should not raise "new facts . . . not previously presented to the court" but can be based on the "availability of new evidence"); *Murphy*, 2009 WL 1528527 *1 (Lynch, J.) (Local Rule 6.3 permits "newly available evidence").[5]

---

*See, e.g., Crown Castle USA Inc. v. Fred A. Nudd Corp.*, No. 05-CV-6163T, 2008 WL 3841298 *6 (W.D.N.Y. Aug 13, 2008) (reconsidering non-final order under Rule 59(e)). Indeed, Judge Koetl has expressly rejected Plaintiff's argument that Rule 59(e) motions submitted before final judgment are premature. *Meteor Ag v. Federal Exp. Corp.*, Case No. 08 Civ. 3773, 2009 WL 3853802 *2 (S.D.N.Y. Nov. 18, 2009).

[5] Of course, the December 11 Transcript is a prior court proceeding that this Court can consider regardless of its attachment to a declaration. Likewise, all the exhibits to the Oberdier Declaration are either transcripts of prior Court proceedings (Exs. B, E, G), the parties' prior submissions to the Court (Exs. A, F), or deposition transcripts provided to the Court in connection with the parties' Joint Pretrial Order (Exs. C, D). And the only exhibit to the Korff Declaration was submitted with Defendant's Letter Brief of October 22, 2010 (the "October 22 Letter") in support of Defendant's original motion, and is thus not impermissible "new evidence." However, if the Court finds that Court approval to submit these Declarations is required under Local Rule 6.3, Defendant respectfully requests such approval for the Korff and Oberdier Declarations as well as the Declaration of Laurence May. In any event, these Declarations are indisputably appropriate for consideration in support of Defendant's motion for sanctions.

Contrary to Plaintiff's contention, Pl. Mem. 12-13, the December 11 Transcript cannot be disregarded because of Defendant's alleged lack of diligence in uncovering it. The "diligence" requirement applies only to Rule 60(b) motions, not to Rule 59(e) or Local Rule 6.3 motions. That is apparent from the language of Rule 60(b), which permits reconsideration based on "newly discovered evidence that, with reasonable diligence, ***could not have been discovered in time to move for a new trial under Rule 59(b)***" (emphasis added). Congress thus expressly required no more "diligence" than necessary to obtain the evidence in time for a Rule 59 motion, which Defendant exercised. *See, e.g., Meteor AG*, 20098 WL 3853802 *3 (applying "diligence" requirement to movant's Rule 60(b) motion but not to its Rule 59(e) motion).[6]

In any event, Defendant's diligence in obtaining the December 11 Transcript only four days after Plaintiff is beyond dispute. Defendant was not required to submit the Transcript in support of his original motion – he established a *prima facie* limitations defense based on matters already of record: the Debtors' petition date, the resulting bar date, and the filing of this action three months after the bar date. *See* Oberdier Dec. Ex. A at 4-6. The December 11 Conference was material only to Plaintiff's equitable tolling claim, which he raised on October 21, 2010, and as to which he bore the burden of proof. *See Colon v. Potter*, 51 Fed.Appx. 43, 2002 WL 31558049 *3 (2d Cir. Nov. 19, 2002). Absent Plaintiff's false allegations that Mr. Korff had "agreed" and that Judge Hardin had "held" that relation back would apply, there could have been no colorable basis for equitable tolling.

But, as the Court correctly observed, Plaintiff's allegations regarding the December 11 Conference were "hearsay" and not properly considered. Oberdier Dec. Ex. G at 11-12. Defendant

---

[6] The SeconCircuit has never imported the Rule 60(b) requirement of "reasonable diligence" into Rule 59(e) or Local Rule 6.3. Plaintiff cites *Campbell v. Cantor Fitzgerald & Co.*, 205 F.3d 1321, 1999 WL 1424999 *1 (2d Cir. Dec. 23, 1999), but there the Court only forbade new evidence that was previously in the movant's possession. While Plaintiff cites to two outlier district court cases that have mistakenly cited the diligence requirement on a Rule 59(e) motion, both cases relied for that requirement on *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983), which applied it only to Rule 60(b).

reasonably assumed that if Plaintiff located the transcript, he would submit it to the Court to overcome the hearsay bar. It was only after the Court reversed course and adopted Plaintiff's hearsay allegations without reviewing the Transcript that it became necessary for Defendant to obtain the Transcript himself. That it took Defendant four days to do so hardly constitutes a lack of diligence.[7]

    2.    The Court's Reliance on Plaintiff's Hearsay Allegations Regarding the December 11 Conference was "Clear Error"

Reconsideration is independently required by the Court's dispositive reliance on Plaintiff's hearsay allegations, which constituted "clear error."[8] It is well-settled that a court may not consider hearsay in disposing of a substantive motion. *See Patterson v. County of Oneida*, 375 F.3d 206, 219-20, 222-23 (2d Cir. 2004) (court could not consider hearsay evidence in opposition to statute of limitations motion); *Rowe Entertainment, Inc. v. The William Morris Agency*, No. 98 Civ. 8272, 2005 WL 22833 *6 n.20, *45, *46, *46 n.131, *57 n.158, *59, *80 n.215 & 216 (S.D.N.Y. Jan. 5, 2005) (Patterson, J.) (granting summary judgment motion and disregarding multiple instances of hearsay testimony offered by plaintiff to demonstrate genuine issues of fact); *DeSimone v. JP Morgan/Chase Bank*, No. 02 Civ. 7039, 2004 WL 2978011 *3 (S.D.N.Y. Dec. 22, 2004) (Patterson, J.) (same); *Schoenfeld v. Worldwide Dreams LLC*, No. 98 Civ. 7093, 2000 WL 28159 *6 (S.D.N.Y. Jan. 13, 2000) (Patterson, J.) (same).

    3.    Plaintiff's Unrefuted Misrepresentation Of The December 11 Transcript Is Sufficient By Itself To Warrant Reconsideration

Plaintiff's unrefuted misrepresentation of the Transcript is independent grounds for reconsideration. A party's misrepresentation of material evidence on which the Court mistakenly relies requires reconsideration even if the other party delays in unmasking it. *See Thomas America Corp. v.*

---

[7] In hindsight, it is telling that, even after the Court had lamented the absence of the Transcript on October 22, 2010, and Plaintiff's counsel had assured the Court they were making every effort to locate it, *see* Oberdier Dec. Ex. G at 10-11, Plaintiff's counsel not only failed to submit the Transcript to the Court but **left it in her office during the argument on October 25, 2010.** *See* Oberdier Dec. Ex. B at 8-9.

[8] Surprisingly, Plaintiff continues to oppose Defendant's motion through hearsay, citing to his Complaint for its descriptions of the December 11 Conference without once citing to the Transcript itself.

*Fitzgerald*, 968 F.Supp. 154 (S.D.N.Y. 1997) (granting reconsideration because plaintiff had "mischaracterized a particular piece of evidence upon which the court relied in making its decision").[9] Similarly, in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), the Supreme Court mandated reconsideration of a court decision obtained in reliance on misrepresentations of counsel, **even though movant did not seek reconsideration until nine years later**. The Court held that the movant's nine-year delay in seeking reconsideration was outweighed by the harm to the judicial process caused by the attorneys' misrepresentations. 322 U.S. at 246-47.[10]

## II. PLAINTIFF IS NOT ENTITLED TO EQUITABLE TOLLING

### A. Plaintiff Does Not Even Attempt To Satisfy The Requirements For Equitable Tolling

Once Plaintiff's would-be Maginot Line against reconsideration is breached, he offers no meaningful resistance against the limitations bar itself. Rather, he snipes guerrilla-like from the few places he can find footing while avoiding the core of Defendant's argument, to which he has no defense.

Plaintiff makes no affirmative argument in favor of equitable tolling whatsoever. **Nowhere** does he identify the specific "extraordinary circumstances" that entitle him to equitable tolling. And Plaintiff also ignores that the Second Circuit requires not just "diligence," but "**reasonable care** and diligence" during the period he seeks to have tolled. *Johnson v. Nyack Hospital*, 86 F.3d 8, 13 (2d Cir. 1996)

---

[9] *Thomas America* is closely on point. Plaintiff claimed to have affixed a dated "fax post-it" to defendant's settlement proposal before signing and returning it, which would have meant that plaintiff had transmitted his agreement after the proposal's express expiration date. The court relied on this evidence in denying defendant's motion to enforce the settlement agreement. But in fact, as defendant proved on reconsideration, defendant's secretary had placed the "fax post-it" on the document upon its return by plaintiff, meaning that plaintiff had agreed to it before expiration. Of course, the defendant was plainly in possession of this evidence all along. But the plaintiff's misrepresentation trumped any lack of diligence on defendant's part, and the Court therefore granted reconsideration and reversed its prior decision.

[10] In addition, reconsideration is required based on the Court's misapprehension of controlling authority and facts cited by Defendant in support of his original motion. Plaintiff's statement that Defendant relied in his motion solely on *Elgendy v. City of New York*, No. 99 CIV. 5196, 2000 WL 1119080 *5 (Aug. 7, 2000, S.D.N.Y.) is false. In Defendant's October 22 Letter, we cited several of the controlling Second Circuit cases on equitable tolling that we rely on now. *See* Declaration of Lita Beth Wright ("Wright Dec.") Ex. A at 3-6. All of our core arguments on this motion were made in that Letter. *Id.* at 2-10.

(emphasis added). While Plaintiff contends that his new filings within a month after the December 11 Conference show his "diligence," he does not explain how his disregard of Judge Hardin's instruction to obtain a "consent order" is consistent with "reasonable care." These omissions are fatal to his claim.

### B. Plaintiff Continues to Misrepresent the Record

Having apparently decided to go "in for a penny, in for a pound," Plaintiff doubles down on his misrepresentations. Thus, he continues to insist that the December 11 Transcript is "consistent" with his allegations that Defendant "agreed," and Judge Hardin "held," that relation back would apply. Pl. Mem. 2, 23; *see* Def. Mem. 5-10. But Plaintiff never even addresses the Transcript nor offers any interpretation consistent with those representations. Plaintiff also continues to insist that Defendant was represented by Cole Schotz at the December 11 Conference. Pl. Mem. 1, 6.[11] This is despite the clear evidence in the Transcript that Defendant was unrepresented and had not yet retained counsel, *see* Def. Mem. 5, and Cole Schotz's unequivocal statement over three months later, on February 17, 2008, that it still had not been retained. *See* Wright Dec. Ex. A (*"we are not even in the case* so we have no ability to even ask for an informal extension *and we are not your counsel."*) (emphasis added).[12]

### C. Unsworn Admissions Of Other Defendants In Other Proceedings Are The Rankest Of Inadmissible Hearsay

Plaintiff also argues, frivolously, that Defendant is somehow bound by the pleadings of other defendants in other proceedings, while ignoring Defendant's clear, specific denials in his own Answer that he ever agreed, or that Judge Hardin "held," that the new action would relate back. Pl. Mem. 2, 23;

---

[11] Plaintiff's position on this issue is schizophrenic: after claiming that Defendant's representation at the Conference cannot be "legitimately dispute[d]," Pl. Mem. 1, he claims only two pages later that *he never said anything of the kind*! *See* Pl. Mem. 3 ("the Trustee never represented to the Court that 'Korff had been represented by Cole Schotz at the December 11 Conference'"). Plaintiff does not deny that he explicitly represented to the Court that Defendant "agreed" to relation back, which is indisputably false. *See* Oberdier Dec. Ex. F at 4; Def. Mem. 9.

[12] In addition, we respectfully request that the Court consider the accompanying Declaration of Laurence May, which confirms that Defendant retained Cole Schotz in February 2008 and explains that his prior declaration that Defendant retained his firm in December 2007 was in error.

7

*see* Def. Mem. 8, *Korff v. Kittay*, Docket No. 4 ¶¶ 46-56. Our research has revealed no case in which a litigant has had the *chutzpah* to argue that a party is bound by an unrelated party's pleadings in a different lawsuit merely because they share the same counsel. Courts have rejected less outrageous arguments, however. *See, e.g., Berry v. Littlefield, Alvord & Co.*, 296 F. 285, 287-88 (D.C. Cir. 1924) (party is not bound by counsel's admissions on that party's behalf in a prior lawsuit); *Heinze v. Bauer*, 145 Idaho 232, 237-38, 178 P.3d 597, 602-03 (2008) (attorney is not personally bound by his *own* admissions made in another proceeding on behalf of a client).

### D.  Controlling Second Circuit Authority Precludes Equitable Tolling

Unable to satisfy the Second Circuit's high bar for equitable tolling, the Plaintiff instead doggedly attempts to distinguish on its facts each Second Circuit pronouncement on the doctrine. As Plaintiff would have it, the Second Circuit has nothing to say on equitable tolling, leaving as the only applicable authority a single, obscure bankruptcy court opinion that has never been followed. Pl. Mem. 16-18. Such discourteous treatment of controlling authority would get a failing grade on any first year law exam. The Second Circuit has carefully demarcated the narrow boundaries of equitable tolling, emphasizing that it is applied only in "extraordinary circumstances" when "it would be *impossible* for a reasonably prudent person" to make a timely filing. *Pearl v. City of Long Beach*, 296 F.3d 76, 85 (2d Cir. 2002) (emphasis in original). That is the law in this Circuit, and Plaintiff must show that he satisfies it, rather than futilely trying to distinguish it.[13]

---

[13] *Pearl*'s "impossibility" standard is not an aberrant formulation; it has been cited and applied to a wide range of facts by both the Second Circuit and this District. *See, e.g., Jacobs v. Mostow*, 271 Fed. Appx. 85, 2008 WL 834128 (2d Cir. 2008) (*citing Pearl*'s "impossibility" standard); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 n.9 (2d Cir. 2003) (untimely appeal that was late by only two days because of attorney's reliance on opposing counsel's misstatement did not constitute "excusable neglect"); *Pape v. Bd. of Educ.*, No. 07-CV-8828, 2009 WL 3151200 (S.D.N.Y. Sept. 29, 2009) (equitable tolling would not relax a limitations bar even though plaintiff claimed to have been delayed by defendant's procedural delays and statutory violations in collateral administrative proceedings); *Bulgartabac Holding AD v. Republic of Iraq*, 2009 WL 3113252 at *11 (S.D.N.Y.) (equitable tolling would not save untimely contract action where plaintiff had been induced by defendant's assurances in settlement discussions to forego filing).

Here, of course, far from "impossible," it would have been simple for Plaintiff to avoid the limitations bar: he had only to obtain a consent order as Judge Hardin had instructed. As a matter of law, his "attorney['s] error [is] inadequate to create the 'extraordinary' circumstances equitable tolling requires." *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001).[14]

### E. Equitable Tolling Is Not Available To Cure Misjoinder Dismissals

Plaintiff does not address Judge Posner's directly-applicable holding in *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000), that equitable tolling categorically does not apply where a plaintiff files a new action outside the limitations period after its original claims were dismissed for misjoinder, ***even if the court's dismissal was in error.*** In such cases, plaintiff's recourse is to appeal or seek reconsideration of the dismissal, not to file a new action outside the limitations period then rely on equitable tolling. 227 F.3d at 1012-13. Plaintiff weakly tries to distinguish *Elmore* in a brief footnote by citing only the Court's alternative holding (which Judge Posner noted merely "for completeness") that even if equitable tolling were available, plaintiff would have failed to satisfy the requirement of diligence. Pl. Mem. 20 n.10; *see* 227 F.3d at 1013. But Plaintiff does not dispute *Elmore*'s principal holding, which directly bars Plaintiff's claim for equitable tolling.[15]

---

[14] Can Plaintiff seriously contend that the Second Circuit intended to modify its holding that "attorney error cannot create extraordinary circumstances" with the unstated qualifier: ". . . except when the attorney does something really, *really* dumb like blatantly ignoring a court's clear instruction"? After all, the attorney's error in *Smaldone* was of the understandable sort of which other lawyers mutter: "There but for the grace of God . . ." He had gamely tried to decipher a relatively-new federal statute setting forth a complicated limitations tolling scheme for parallel state court actions. 273 F.3d at 136-37. The district court was sufficiently uncertain of the issue to certify an appeal to the Second Circuit, which held, as a matter of first impression, that the attorney had gotten it wrong. No such empathy can be accorded to Plaintiff's inexplicable disregard of Judge Hardin's instruction to obtain a consent order. "[E]quities will rarely if ever favor a party who fails to follow the clear dictates of a court rule." *Silivanch*, 333 F.3d at 366.

[15] Plaintiff's suggestion that "relation back" and "equitable tolling" are synonymous, Pl. Mem. 15-16, is clearly incorrect. Courts uniformly recognize the doctrines as distinct. *See, e.g., Rochester v. Sixth Precinct Police Station*, 370 Fed. Appx.244, 2010 WL 1170085 (2d Cir. March 25, 2010) (amended complaint that relates back is deemed to have been timely filed on the date of the original complaint, whereas equitable tolling is a "narrow exception[s] to the statute of limitations" to excuse an untimely filing).

### III. DEFENDANT IS ENTITLED TO HIS ATTORNEYS FEES AND LITIGATION COSTS

Plaintiff has offered this Court no reason to deny sanctions. Far from submitting any reasonable explanation for his numerous misrepresentations, such as lack of intent or good faith belief, he willfully and contumaciously repeats them. The integrity of the judicial process demands that he be held to account.

Submitted in the Supplemental Declaration of Carl W. Oberdier is an accounting of all attorneys fees and litigations costs Defendant incurred since the first day of trial on October 25, 2010, in the amount of $195,675.65. Defendant respectfully requests that the Court award him his attorneys fees and litigation costs in this amount.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration, judgment and attorneys' fees and litigation costs, should be granted. This Court should award Defendant his attorneys fees and litigation expenses incurred since October 25, 2010 in the amount of $195,675.65.

Dated: New York, New York  
November 29, 2010

Respectfully submitted,

Carl W. Oberdier (CO-4150)  
coberdier@schiffhardin.com  
SCHIFF HARDIN LLP  
900 Third Avenue  
New York, New York 10022  
Telephone: (212) 753-5000  
Facsimile: (212) 753-5044  

Andrea Marcus (AM-1994)  
Andrea.marcus@gmail.com  
c/o Arc Development LLC  
250 Park Avenue, Suite 501  
New York, New York 10177  
Telephone: 203-767-2580  
Facsimile: (212) 702-5807  

*Counsel for Defendant Joseph Korff*