UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAVID R. KITTAY, TRUSTEE,                  :       08 Civ. 7421 (RPP)
                                           :
                Plaintiff,             :
                                           :
    - against -                         :
                                           :
JOSEPH KORFF,                              :
                                           :
                Defendant.             :
------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR PRE-JUDGMENT INTEREST**

STORCH AMINI & MUNVES PC
Attorneys for Plaintiff
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY  10017
(212) 490-4100

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 2

    A.    Nature of the Action ................................................................................................ 2

    B.    Relevant Procedural History .................................................................................. 3

        1.    The Adversary Proceeding Is Commenced And The Reference Is Withdrawn ... 3

        2.    Pre-Trial Proceedings in the District Court ........................................................ 3

        3.    Trial and the Verdict Rendered ............................................................................ 5

ARGUMENT ....................................................................................................................... 6

    THE TRUSTEE IS ENTITLED TO AN AWARD OF
    PRE-JUDGMENT INTEREST UNDER NEW YORK LAW ..................................... 6

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**                                                           **Page**

Baker v. Dorfman,
  239 F.3d 415 (2d Cir. 2000) .................................................................................. 6

In re All Am. Petroleum Corp.,
  259 B.R.6, 20-21(Bankr. E.D.N.Y. 2001) ..................................................... 6, 7 n. 4

In re The Cassandra Group,
  338 B.R. 583 (Bankr. S.D.N.Y. 2006) .......................................................... 6, 7 n. 4

In re Harvard Knitwear, Inc.,
  193 B.R. 398 (Bankr. E.D.N.Y. 1996) ................................................................. 6

Mallis v. Bankers Trust Co.,
  717 F.2d 683 (2d Cir. 1983) .................................................................................. 6

Shamis v. Ambassador Factors Corp.,
  1995-CV-9818 (RWS), 2001 WL 25720 (S.D.N.Y. Jan. 10, 2001) ..................... 6

**Statutes and Other Authorities**

C.P.L.R. § 5001 ................................................................................................................. 1, 8

C.P.L.R. § 5001(a) ............................................................................................................... 6

C.P.L.R. § 5001(b) ...................................................................................................... 6, 7 n. 4

C.P.L.R. § 5002 ............................................................................................................ 1, 7, 8

C.P.L.R. § 5004 ............................................................................................................... 1, 8

Fed. R. Civ. P. 59(e) ........................................................................................................... 1

New York Debtor-Creditor Law § 276-a ............................................................................ 5

New York Debtor-Creditor Law § 273, 274, 275 and 276 ........................................... 1, 3, 5

Plaintiff, David R. Kittay, Trustee ("Plaintiff" or "Trustee"), by his attorneys Storch Amini & Munves PC ("SAM"), submits this memorandum of law and the accompanying Declaration of Lita Beth Wright in support of Plaintiff's motion for pre-judgment interest pursuant to FED. R. CIV. P. 59(e) against Defendant Joseph Korff ("Korff").

## PRELIMINARY STATEMENT

The New York Civil Practice Law and Rules ("C.P.L.R.") §§ 5001, 5002 and 5004 provide for an award of pre-judgment interest, in the amount of nine percent per annum, to a plaintiff who succeeds in obtaining an award based upon a defendant's act or omission which has deprived the plaintiff of possession or enjoyment of property. Following a four-day trial, the jury found Korff liable under New York Debtor and Creditor Law ("DCL") §§ 273, 274, 275 (constructive fraud) and 276 (actual intent to delay, hinder or defraud creditors). February 7, 2011 Declaration of Lita Beth Wright ("Wright Decl."), Ex. A at pp. 710-11. Thus, the jury awarded the Trustee the full amount of the $300,000.00 fraudulent transfer that the Debtor, Douglas E. Palermo (the "Debtor") made to Korff on July 30, 2004.

As discussed more fully below, the Trustee is entitled to an award of pre-judgment interest on the jury's verdict under New York law. As will be shown, having uniformly been brought under state law for to damage to the Debtor's property interests, each of the claims embodied in the jury's verdict also qualifies in full for pre-judgment interest. Such interest should therefore be included in the judgment entered in the Trustee's favor.

Accordingly, Plaintiff's motion for pre-judgment interest should be granted in all respects.

## STATEMENT OF FACTS

### A. Nature of the Action

The Trustee commenced an initial adversary proceeding naming Korff as a defendant in Bankruptcy Court on October 12, 2007 (the "Initial Adversary Proceeding"). Wright Decl., Ex. B at p. 3. Due to the Bankruptcy Court's concerns regarding proceeding with the case as a single adversary proceeding with multiple defendants, the Trustee was given leave by the Bankruptcy Court to amend the Initial Adversary Proceeding and sever the defendants into separate adversary proceedings. Id. at pp.13-14. The complaint in this action was filed on January 7, 2008 in the United States Bankruptcy Court for the Southern District of New York to recover from Korff a $300,000.00 fraudulent conveyance from the Debtor. Bankruptcy Docket No. 1.[1] As was proven at trial, on or about July 29, 2004, the Debtor unlawfully diverted a portion of a fee paid for advisory services the Debtor rendered, in connection with the sale of property located at 455 Central Park West in Manhattan, to Korff (the "Transfer"). Wright Decl., Exs. A at pp 253-54, C and D. When the 455 Central Park West transaction closed on July 29, 2004, the Debtor was undisputedly insolvent at the time of the Transfer to Korff and the funds transferred to Korff otherwise would have been available to satisfy the Debtor's outstanding obligations to his creditors (the "Transfer"). Wright Decl., Ex. E.

As the evidence at trial conclusively established, at the time the Transfer was made, the Debtor and the entities that had contracted to pay his commission were subject to restraining orders and could not pay the commission to the Debtor. Wright Decl., Exs. A at pp. 281-82, F

---

[1] All references to the "Bankruptcy Docket" herein shall refer to the docket maintained by the United States Bankruptcy Court, Southern District of New York, for the action Kittay v. Korff, Adv. Pro. No. 08-08204.

2

and G. The evidence further showed that the Transfer was both actually and constructively fraudulent under DCL §§ 273, 274, 275 and 276. Wright Decl., Ex. A at pp. 710-11.

**B.    Relevant Procedural History**

**1.   The Adversary Proceeding Is Commenced And the Reference Is Withdrawn**

Korff filed an answer to the complaint, through his then counsel Cole, Shotz, Meisel, Forman & Leonard, P.A. ("Cole Shotz"), on or about February 20, 2008. Bankruptcy Docket No. 4. The case proceeded before the Judge Hardin and a discovery schedule was implemented with a final pretrial conference originally set for September 4, 2008. Bankruptcy Docket No. 7. Discovery was not completed on the schedule originally implemented by Judge Hardin.

On or about August 7, 2008, Korff moved to withdraw the reference from the Bankruptcy Court. Wright Decl. Ex. H. On December 10, 2008, the Honorable Kenneth M. Karas granted Korff's motion to withdraw the reference and directed that such withdrawal would take effect once discovery had been completed. Id. at p. 5. Judge Karas' grant of the motion was made "on the condition that no dispositive motions will be filed before trial." Id. Discovery was complete, at the latest, by March 9, 2009 when the District Court placed this matter on its calendar for a Rule 16 conference. See Docket No. 3.[2]

**2.   Pre-Trial Proceedings in the District Court**

After the reference was withdrawn, on October 5, 2009, Cole Schotz moved to withdraw as counsel. See Docket No. 10. On December 1, 2009, Cole Schotz's motion was granted. See Docket No. 16. Over the next several months, Korff, formerly a practicing tax attorney, decided to, and did appear *pro se* in this action.

---

[2] All references to the "Docket" herein shall refer to the docket maintained by the United States District Court, Southern District of New York, for the action Kittay v. Korff, 1:08-cv-07421-RPP.

3

At the January 14, 2010 status conference before Judge Karas, the first status conference following Cole Shotz's withdrawal, Korff failed to appear in person or through counsel and Judge Karas issued an order commanding Korff to appear at the next status conference, which the Court scheduled for February 11, 2010. See Docket No. 17. On February 9, 2010, Korff requested an adjournment of the February 11, 2010 status conference due to Korff's work on an unrelated matter. See Docket No. 18. Judge Karas granted Korff's request and rescheduled the status conference for March 10, 2010. Id. Counsel for the Trustee appeared for the March 10, 2010 court conference, but Korff failed to appear at the conference and the Trustee was given leave to file an Order to Show Cause seeking default. Wright Decl., Ex. I. Korff wrote to the Court on that same day indicating that he had arrived late for the conference and was seeking to resolve his failure to appear with counsel for the Trustee. Wright Decl., Ex. J. The Trustee ultimately agreed to withdraw his request to file a motion for default due to Korff's failure to appear at the March 10, 2010 conference, and the Court sent a new date of May 13, 2010 for the status conference. See Docket No. 19.

Ahead of the May 13, 2010 status conference, Korff once again sought an adjournment due to Korff's work on an unrelated matter. See Docket No. 20. Judge Karas granted the adjournment and set the conference for July 7, 2010. That conference was ultimately adjourned to July 20, 2010. All told, Cole Shotz's withdrawal, Korff's repeated requests for adjournments, and Korff's failures to appear for scheduled compliance conferences delayed the prosecution of this action by nearly a year.

On July 20, 2010, the parties appeared before Judge Karas for a status conference. See Docket No. 21. At the July 20, 2010 conference, Korff began appearing with counsel, Andrea Marcus, whose admission to the United States District Court for the Southern District of New

4

York was purportedly pending. By Order dated July 20, 2010, Judge Karas set a deadline of September 30, 2010 to submit a joint pretrial order, with a final pretrial conference to be held on October 28, 2010. Id. Counsel for the Trustee requested that the September 30, 2010 deadline to submit the pretrial order be adjourned to October 7, 2010, because of difficulties obtaining the required materials from Korff. See Docket No. 22.

### 3. Trial and the Verdict Rendered

The case proceeded to trial from October 25, 2010 to October 28, 2010. After trial, the jury returned a verdict finding that the Trustee had proven, by a preponderance of the evidence, his claims under DCL §§ 273, 274, 275 and 276. Wright Decl., Ex. A at pp. 710-11. The jury also found that by receiving and engineering the Transfer Korff had actual intent to defraud the Debtor's creditors under DCL § 276-a.[3] Id.

By Notice of Settlement, dated November 3, 2010, the Trustee settled a proposed judgment on notice to Korff. See Docket No. 55. In response, Korff moved for reconsideration of this Court's decision just prior to trial to dismiss this case on statute of limitations grounds. See Docket No. 56. This Court issued its Opinion and Order denying Korff's motion for reconsideration on February 4, 2011. Wright Decl., Ex. B. The Opinion and Order required that Plaintiff submit a proposed judgment, including this application for pre-judgment interest, to the Court by February 14, 2011 on three days notice to Korff. Id. at p. 18.

---

[3] At trial, the Trustee made an application under FED. R. CIV. P. 15 to amend the complaint in this action to include a claim for attorneys' fees under DCL § 276-a. Wright Dec., Ex. A at pp. 576-77. This Court included an interrogatory concerning DCL § 276-a on its Verdict Sheet, and the jury found that Korff had actual intent to defraud the Debtor's creditors. Id. at pp. 710-11.

5

## ARGUMENT

### THE TRUSTEE IS ENTITLED TO AN AWARD OF PRE-JUDGMENT INTEREST UNDER NEW YORK LAW

In avoidance actions initiated by bankruptcy trustees, pre-judgment interest is routinely awarded, see In re Harvard Knitwear, Inc., 193 B.R. 398, 399 (Bankr. E.D.N.Y. 1996), especially where, as here, the avoidance claims arise under New York law. New York law provides for an award of pre-judgment interest where a defendant's "act or omission" has "depriv[ed] or otherwise interefer[ed] with title to, or possession or enjoyment of, property ...." C.P.L.R. § 5001(a). Courts in this Circuit "applying § 5001(a) have without qualification awarded interest as a matter of right whenever any tortious conduct causes damage to tangible or intangible property interests." Baker v. Dorfman, 239 F.3d 415, 425 (2d Cir. 2000) (quoting Mallis v. Bankers Trust Co., 717 F.2d 683, 695 (2d Cir. 1983)). Indeed, fraudulent conveyance has been recognized as "but one species of tortious conduct for which the Second Circuit has held that prejudgment interest is recoverable." Shamis v. Ambassador Factors Corp., 1995-CV-9818 (RWS), 2001 WL 25720, at *6 (S.D.N.Y. Jan. 10, 2001); see also In re The Cassandra Group, 338 B.R. 583, 600 (Bankr. S.D.N.Y. 2006).

Where, as here, the underlying avoidance claims are "predicated on New York substantive law, New York law is the proper source from which to determine the appropriate interest rate to be applied." In re Cassandra, 338 B.R. at 600. The statutory rate of pre-judgment interest applicable here is nine percent per annum. C.P.L.R. § 5004. In setting the date from which interest is to be calculated, New York law fixes the date as "the earliest ascertainable date the cause of action existed[.]" C.P.L.R. § 5001(b). In fraudulent transfer cases, courts in this Circuit have computed pre-judgment interest from the date of the transfer. See e.g., In re All Am. Petroleum Corp., 259 B.R. 6, 20-21 (Bankr. E.D.N.Y. 2001) (awarding pre-judgment interest

6

in a fraudulent transfer action from the date of the transfer to the date judgment was entered).[4] The Trustee is also entitled to pre-judgment interest, at a rate of nine percent per annum, from the jury's October 28, 2010 verdict until the date of entry of final judgment in this action. See C.P.L.R. § 5002.

Korff received the Transfer on July 29, 2004. Wright Decl., Ex. D. Since that date, the creditors of the Debtor's estate have been deprived of the title, possession and enjoyment of the Transfer. The jury found that Korff had actual intent to defraud the Debtor's creditors when he received the Transfer. Wright Decl., Ex. A at pp. 710-11. Given Korff's active participation in the fraudulent transfer, and the intent behind the New York statutory scheme governing the Trustee's fraudulent transfer action, pre-judgment interest is appropriate and should be computed from the July 29, 2004 date of the Transfer until judgment is entered in this action. Accordingly, the Trustee respectfully submits that judgment should be entered in the amount of the Transfer, together with pre-judgment interest computed at nine percent per annum from July 29, 2004 through the date of entry of final judgment in this action.[5]

---

[4] The Trustee notes that some courts in this Circuit have calculated pre-judgment interest in fraudulent transfer actions from the date the action is commenced by the trustee or a demand is made. See e.g., In re Cassandra, 338 B.R. at 600. However, the Trustee respectfully submits that calculating pre-judgment interest from the date of the transfer is more consistent with New York's statutory scheme and would serve to compensate the creditors of the Debtor's estate for the actual damages caused by the fraudulent scheme that the evidence suggests Korff was an active participant in. See e.g., C.P.L.R. § 5001(b); In re All Am. Petroleum, 259 B.R. at 21.

[5] Should the Court decline to calculate interest from the date of the Transfer, at the very least, the Trustee is entitled to interest from the October 12, 2007 date he commenced the Initial Adversary Proceeding against Korff through the date judgment is entered.

## CONCLUSION

For the reasons set forth herein, this Court should issue an order awarding Plaintiff pre-judgment interest pursuant to C.P.L.R. § 5001, 5002 and 5004, and for such other and further relief as this Court deems just and equitable.

Dated: New York, New York
      February 7, 2011

STORCH AMINI & MUNVES PC

By: /s/ Lita Beth Wright
    Bijan Amini (BA 3533)
    Lita Beth Wright (LW 0442)
    Bonnie A. Tucker (BT 8340)
    Two Grand Central Tower
    140 East 45th Street, 25th Floor
    New York, New York 10017
    (212) 490-4100
    Attorneys for Plaintiff