UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID R. KITTAY,<br><br>                Plaintiff,<br><br>-v-<br><br>JOSEPH KORFF,<br><br>                Defendant. | Case No. 08 CV 7421 (RPP) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR PRE-JUDGMENT INTEREST</u>**

Carl W. Oberdier (CO-4150)
coberdier@schiffhardin.com
SCHIFF HARDIN LLP
900 Third Avenue
New York, New York 10022
Telephone: (212) 753-5000
Facsimile: (212) 753-5044

Andrea Marcus (AM-1994)
Andrea.marcus@gmail.com
c/o Arc Development LLC
250 Park Avenue, Suite 501
New York, New York 10177
Telephone: 203-767-2580
Facsimile: (212) 702-5807

*Counsel for Defendant Joseph Korff*

Defendant respectfully submits this memorandum of law in opposition to Plaintiff's motion for pre-judgment interest ("Motion").

## INTRODUCTION

Plaintiff seeks an award of pre-judgment interest of about $178,000 (simple interest at nine percent since July 2004), which is nearly 60% of the verdict amount of $300,000. The law does not support such an exorbitant amount. The Bankruptcy Code does not mandate pre-judgment interest – whether and to what extent such interest should be awarded is at the discretion of the Court. *See Bruno Machinery Corp v. Troy Die Cutting Co. (In re Bruno Machinery Corp.)*, 435 B.R. 819, 850-51 (Bankr. N.D.N.Y. 2010). At best, courts have recognized that pre-judgment interest should be awarded only to provide the plaintiff with the actual time-value of the verdict amount – not to penalize the defendant or provide the plaintiff with a windfall. *See Brown v. Phillips (In re Phillips)*, 379 B.R. 76, 788-789 (Bankr. N.D. Ill. 2007) ("prejudgment interest is simply an ingredient of full compensation and should not be considered a windfall" (internal citations omitted)).

As even the cases Plaintiff cites make clear, pre-judgment interest should be applied at the earliest from the filing of the complaint, not, as Plaintiff requests, from the time of the challenged transfer. Additionally, it is inappropriate to apply the New York State interest rate of nine percent to fraudulent conveyance claims by bankruptcy trustees, notwithstanding the incorporation by such claims of the New York Debtor and Creditor Law ("DCL"). Instead, when courts do award interest in such cases, they commonly apply the federal rate of interest under 28 U.S.C. § 1961, which more accurately reflects prevailing market rates. Plaintiff concedes in his proposed judgment that the federal rate is appropriate for post-judgment interest: it is likewise appropriate for pre-judgment interest should this Court elect to award it.

For these reasons, the Court should deny Plaintiff's motion. Any pre-judgment interest this Court awards should be no earlier than January 2008 at the average rate during the ensuing period under 28 U.S.C. § 1961.[1]

### I.   Plaintiff Is Not Entitled To Interest From A Point Earlier Than The Commencement Of This Proceeding

Plaintiff is not entitled to any pre-judgment interest before the commencement of this adversary proceeding in January 2008. As Plaintiff concedes, Motion at 7 n.4, courts normally award pre-judgment interest in fraudulent conveyance cases only from the commencement of the adversary proceeding. "Courts have traditionally awarded prejudgment interest to a trustee who successfully avoids a preferential or fraudulent transfer from the time demand is made or an adversary proceeding is instituted." *Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.)*, 4 F.3d 1556 (10th Cir. 1993); *see also CNB Int'l, Inc. v. Kelleher (In re CNB Int'l, Inc.)*, 393 B.R. 306, 336 (Bankr. W.D.N.Y. 2008) (awarding pre-judgment interest in fraudulent conveyance action from the filing of the adversary proceeding); *Bruno Machinery*, 435 B.R. at 850-51 (same); *Global Technovations, Inc. v. Onkyo U.S.A. Corp (In re Global Technovations, Inc.)*, 431 B.R. 739, 774-75 (Bankr. E.D. Mich. 2010) (same); *Floyd v. Dunson (In re Ramirez Rodriguez)*, 209 B.R. 424, 434 (Bankr. S.D. Tex 1997) (same).

It would be particularly unjust to award interest from the date of the challenged transfer when the Plaintiff, despite having obtained full disclosure of the facts supporting his claim in March 2006, did not commence this action until nearly two years later in January 2008. *See*

---

[1] Of course, Defendant believes that any award of interest is improper and unauthorized because Plaintiff is not entitled to judgment, for the reasons set forth in Defendant's motion for reconsideration and for additional grounds to be set forth in a motion for judgment notwithstanding the verdict or for new trial. Among other things, Plaintiff did not present a scintilla of evidence showing actual fraud on the part of the Defendant, and the Court neglected to charge the jury that it was required to find actual fraud by the Defendant in order to return a verdict for Plaintiff on his claim under Section 276 of the New York DCL. The jury's finding of actual fraud must therefore be set aside. Defendant does not waive any of the grounds for judgment or new trial available to him.

Declaration of Carl W. Oberdier, dated November 4, 2010 [Doc. No. 60] Ex C (relevant excerpts from Deposition of Douglas E. Palermo, taken on March 16, 2006, discussing transfer to Defendant). This Court should therefore follow well-settled court practice and award interest at the earliest from the commencement of this adversary proceeding.

## II.     Plaintiff Is Entitled To Interest Only At The Federal Statutory Rate

If the Court, in its discretion, elects to award interest, plaintiff is not entitled to pre-judgment interest at the New York rate of nine percent. Pre-judgment interest, which is not mandated by law but rather within the discretion of the court, is not a penalty but rather intended to compensate the plaintiff for the time value of money. *See CNB Int'l*, 393 B.R. at 335. Given that actual interest rates during the pendency of this case have hovered barely above zero percent, the rate of nine percent that Plaintiff requests would constitute an exorbitant windfall.

Although Section 544(b) of the Bankruptcy Code authorizes the trustee to bring avoidance claims incorporating the New York DCL, that does not mean that the New York state interest rate must be applied to such claims. The trustee's entitlement to a money judgment is solely a creature of the Bankruptcy Code, not state law. No provision of the New York DCL authorizes a money judgment against a fraudulent transferee. *CNB Int'l*, 393 B.R. at 335. The trustee's power to seek a monetary judgment derives, not from the DCL, but from Section 550 of the Bankruptcy Code. *Id.* Accordingly, the New York rate of interest of nine percent has no application to a fraudulent conveyance claim by a bankruptcy trustee. *Id.* Instead, the court should look to the federal rate of interest under 28 U.S.C. § 1961. As a New York bankruptcy court explained in an identical case by a bankruptcy trustee:

> Because the right to a money judgment derives from section 550 of the Bankruptcy Code, the plaintiffs may not recover interest based per se on the New York legal rate of nine percent. If they are to receive any pre-judgment interest at all, plaintiffs must instead ground that additional remedy on the provisions of the Bankruptcy Code. . . .

3

> In bankruptcy, the right to recover prejudgment interest on a fraudulent conveyance arises from that language in 11 U.S.C. § 550(a) which allows a trustee to recover 'the value' of the transferred property. . . . In the present instance, an appropriate level of pre-judgment interest will accomplish an objective similar to that of 28 U.S.C. § 1961, which allows for interest on federal judgments.

*In re CNB Int'l, Inc.*, 393 B.R. 306, 335 (Bankr. W.D.N.Y. 2008). This approach has been followed by numerous other bankruptcy courts in fraudulent conveyance claims. *See, e.g., Bruno Machinery*, 435 B.R. at 850-51 (rejecting New York rate as "too high" and awarding prejudgment interest in fraudulent conveyance case at average Treasury bill rate during the pendency of the case); *Global Technovations*, 431 B.R. 739, 774-75 (awarding pre-judgment interest in fraudulent conveyance action at federal statutory rate); *Floyd*, 209 B.R. 424, 434 (Bankr. S.D. Tex 1997) (awarding prejudgment interest in fraudulent conveyance action at federal statutory rate).

Interest under Section 1961 is based on the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System. When using that rate to compute pre-judgment interest, it is appropriate to take the average of such rates since the commencement of the proceeding. *In re CNB*, 393 B.R. at 335; *Bruno Machinery*, 435 B.R. at 850-51. Since January 2008, the average rate is approximately 0.873%. *See* http://www.federalreserve.gov/releases/H15/data/Annual/H15_TCMNOM_Y1.txt.

4

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Pre-Judgment Interest should be denied. Should this Court award any pre-judgment interest, it should be not earlier then January 2008 at a rate no greater than the average rate during the ensuing period under 28 U.S.C. § 1961.

Dated: New York, New York
February 10, 2011

Respectfully submitted,

Carl W. Oberdier (CO-4150)
coberdier@schiffhardin.com
SCHIFF HARDIN LLP
900 Third Avenue
New York, New York 10022
Telephone: (212) 753-5000
Facsimile: (212) 753-5044

Andrea Marcus (AM-1994)
Andrea.marcus@gmail.com
c/o Arc Development LLC
250 Park Avenue, Suite 501
New York, New York 10177
Telephone: 203-767-2580
Facsimile: (212) 702-5807

*Counsel for Defendant Joseph Korff*