UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAVID R. KITTAY, TRUSTEE,                :        08 Civ. 7421 (RPP)
                                         :
                Plaintiff,       :
                                         :
      - against -                       :
                                         :
JOSEPH KORFF,                            :
                                         :
                Defendant.       :
------------------------------------------------------------x


## REPLY MEMORANDUM OF LAW IN SUPPORT
## OF PLAINTIFF'S MOTION FOR PRE-JUDGMENT INTEREST


**STORCH AMINI & MUNVES PC**
Attorneys for Plaintiff
Two Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

Plaintiff, David R. Kittay, Trustee ("Plaintiff" or "Trustee"), by his attorneys Storch Amini & Munves PC ("SAM"), submits this reply memorandum of law in further support of Plaintiff's motion for pre-judgment interest pursuant to FED. R. CIV. P. 59(e) (the "Motion") against Defendant Joseph Korff ("Korff").[1]

## PRELIMINARY STATEMENT

In opposition to the Trustee's Motion, Korff concedes that this Court may, in its discretion, award pre-judgment interest to the Trustee. Korff also quibbles with the rate of interest to be applied and the date from which that interest rate should be calculated. In arguing that the federal interest rate should apply to the Trustee's claims brought under New York Debtor and Creditor Law ("DCL") §§ 273, 274, 275 and 276, Korff fails to cite authority from within this District. Moreover, Korff does not even attempt to distinguish the Trustee's cases, which make clear that New York State law claims for fraudulent transfers asserted in Federal Court pursuant to 11 U.S.C. § 544 should apply the interest rate of nine percent per annum set forth in the New York Civil Practice Law and Rules ("C.P.L.R.") § 5003. Applying the nine percent rate mandated by the C.P.L.R. would not be a "windfall" or penalty, as Korff argues (Def. Memo at p. 1), but rather would serve to fully compensate the Trustee and the Debtor's estate for the damages suffered due to Korff's unlawful conduct and would be proper in light of the purpose of the fraudulent transfer statutes and when considering fairness and the relative equities of such an award. As discussed more fully below, courts within this District routinely award pre-judgment interest in fraudulent conveyance cases at the rate of nine percent per annum pursuant to C.P.L.R. § 5003.

---

[1] Unless otherwise noted herein, all defined terms shall have the same meaning as was set forth in the Trustee's February 7, 2011 Memorandum of Law in Support of Plaintiff's Motion for Pre-Judgment Interest.

Korff's position that interest should be calculated from January 7, 2008 is baseless, particularly in light of this Court's February 4, 2011 Opinion and Order finding that the January 7, 2008 "Korff complaint is an 'amended complaint'" and that the Korff complaint related back to the October 12, 2007 commencement of the Initial Adversary Proceeding. See Docket No. 74 at pp. 16-17. Indeed, the only way to fully compensate the Debtor's estate for the illicit transfer is to award pre-judgment interest from the date of the Transfer, especially in light of the jury's finding that Korff received the Transfer with the actual intent to hinder, delay or defraud the Debtor's creditors, and that he has had use of the Transfer since it was made on July 29, 2004. Accordingly, interest on the Trustee's judgment should be calculated at the rate of nine percent per annum from July 29, 2004 through the date of entry of judgment.

## ARGUMENT

I.  **The Trustee Should be Awarded Pre-Judgment Interest at the Rate of Nine Percent Per Annum**

Courts in this District have routinely made clear that the interest rate to apply to judgments on "fraudulent conveyance claims asserted under 11 U.S.C. § 544 and the NYDCL is 9% per year." In re The Cassandra Group, 338 B.R. 583, 600 (Bankr. S.D.N.Y. 2006); see also Shamis v. Ambassador Factors Corp., 1995-CV-9818 (RWS), 2001 WL 25720, at *6 (S.D.N.Y. Jan. 10, 2001) (awarding pre-judgment interest at New York State rate); In re Marketxt Holdings Corp., 2005-AP-01268 (ALG), 2010 WL 2342465, at *2 (Bankr. S.D.N.Y. June 4, 2010) (same). The nine percent simple interest rate is particularly appropriate under DCL § 276 claims "[c]onsidering the egregiousness of defendant's conduct, and also to fully compensate plaintiff[.]" Howland v. Resteiner, 2007-CV-2332 (ILG), 2008 WL 1740531, at *6 (E.D.N.Y. April 10, 2008). In awarding a plaintiff pre-judgment interest, a court should consider the fairness and relative equities of such an award and the remedial purpose of the statute involved,

in addition to the full compensation of the plaintiff. In re All Am. Petroleum Corp., 259 B.R. 6, 20-21 (Bankr. E.D.N.Y. 2001).

The only authority that Korff offers in support of his position that the federal post-judgment interest rate should apply is In re Bruno Mach. Corp., 435 B.R. 819, 851 (Bankr. N.D.N.Y. 2010), and In re CNB Int'l, Inc., 393 B.R. 306, 335-36 (Bankr. W.D.N.Y. 2008).[2] Although, as the Trustee noted in his moving memorandum, courts have reached different conclusions about which rate to apply, the prevailing view in this District is to apply the New York statutory rate of nine percent per annum and the Bruno Mach. and CNB Int'l decisions appear to be anomalies. In fact, the CNB Int'l position has been expressly rejected by the First Circuit Bankruptcy Appellate Panel. See In re Keefe, 401 B.R. 520, 526-27 (B.A.P. 1st Cir. 2009) (discussing conflicting decisions regarding pre-judgment interest rates, rejecting cases applying the federal rate and applying the Massachusetts state interest rate). Moreover, neither Bruno Mach. nor CNB Int'l concerned a verdict finding that the transferees had actual intent to defraud the debtor's creditors. Given Korff's unlawful conduct, the equities involved, and the interest in providing creditors of the Debtor's estate with full and fair compensation, pre-judgment interest should accrue on the judgment in this action at a rate of nine percent per annum.

## II. Pre-Judgment Interest Should Accrue from the July 29, 2004 date of the Transfer

C.P.L.R. § 5001(b) mandates that interest is to be computed "from the earliest ascertainable date the cause of action existed[.]" As the Trustee pointed out in his opening brief, and as the Defendant argues in his opposition, in fraudulent transfer cases, some courts have calculated pre-judgment interest from the date that the action was instituted, rather than the date

---

[2] While, the court in Bruno Mach. rejected the New York interest rate as too high, it also rejected the federal post-judgment rate as "too low" and ultimately settled on an average Treasury bill rate. 435 B.R. at 851. The CNB Int'l court came to the same conclusion. 393 B.R. at 336.

3

of the transfer. See e.g., In re Cassandra, 338 B.R. at 600.  However, in DCL § 276 claims, courts in this Circuit have made clear that the appropriate date from which to calculate interest is the date of the fraudulent conveyance. See e.g., Howland, 2008 WL 1740531, at *6-7 (calculating pre-judgment interest at nine percent per annum from the date of the transfer on a DCL § 276 claim); In re All Am. Petroleum, 259 B.R. at 20-21 (awarding pre-judgment interest from the date of the transfer and stating that "some cases appear to suggest that interest will be awarded from the date of the transfer where both the transferee and the debtor act together in concert to defraud the debtor's creditors").

Given the jury's finding that Korff had actual intent to defraud the Debtor's creditors, awarding pre-judgment interest from the July 29, 2004 date of the Transfer is appropriate. Korff's argument that the Trustee had obtained "full disclosure of the facts supporting his claim in March 2006" is not supported by the testimony that Korff cites and is irrelevant to the reasoning of the Howland and All Am. Petroleum courts.  As the Howland and All Am. Petroleum cases relied upon the transferees' improper conduct and the full compensation of the plaintiff – not the plaintiff's discovery of the fraudulent transfer – the date that the Trustee discovered facts surrounding the Transfer is irrelevant.

Moreover, the testimony of the Debtor that Korff cites is a far cry from "full disclosure" of the Transfer as Korff asserts in his opposition to this motion. See Def. Memo at pp. 2-3. Rather, in his testimony, the Debtor claimed that Korff had provided brokerage services in conjunction with the 455 Central Park West closing, a claim that was proven false at trial, and the underlying documentation for those services was requested on the record and was not in the Trustee's possession. See Docket No. 60, Ex. C at pp 61-63.  As the record reflects, the Trustee has diligently sought to unravel the fraudulent scheme surrounding the Transfer that Korff

participated in. Given Korff's participation in that scheme and the Trustee's diligence in prosecuting this action, pre-judgment interest should be calculated from the July 29, 2004 date of the Transfer.[3]

## CONCLUSION

For the reasons set forth herein, and in the Trustee's moving papers, this Court should issue an order awarding Plaintiff pre-judgment interest pursuant to C.P.L.R. § 5001, 5002 and 5004, and for such other and further relief as this Court deems just and equitable.

Dated: New York, New York
       February 15, 2011

STORCH AMINI & MUNVES PC

By: /s/ Lita Beth Wright
    Bijan Amini (BA 3533)
    Lita Beth Wright (LW 0442)
    Bonnie A. Tucker (BT 8340)
    Two Grand Central Tower
    140 East 45th Street, 25th Floor
    New York, New York 10017
    (212) 490-4100
    Attorneys for Plaintiff

---

[3] The Trustee maintains that interest should be calculated from the date of the July 29, 2004 Transfer, as Korff has continued to retain the benefits of that fraudulent transfer since that date (including the ability to invest the Transfer in his real estate development ventures). Moreover, this Court is not bound by any one date requested by the Trustee or Korff and this Court may, in its discretion, set a "single reasonable intermediate date" from which to compute interest. See C.P.L.R. § 5001(b). However, at the very latest, interest should be calculated from the October 12, 2007 date that this fraudulent transfer action against Korff was first asserted in the Initial Adversary Proceeding, not the January 2008 date urged by Korff.