BIJAN AMINI - [BA 3533]
LITA BETH WRIGHT - [LW 0442]
BONNIE A. TUCKER - [BT 8340]
**STORCH AMINI & MUNVES PC**
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, New York 10017
Telephone: (212) 490-4100
Facsimile: (212) 490-4208
bamini@samlegal.com
btucker@samlegal.com
Attorneys for Plaintiff
David R. Kittay, Trustee

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | | |
|---|---|---|
| DAVID R. KITTAY, TRUSTEE, | : | |
| | : | 08 Civ. 7421 (RPP) |
| Plaintiff, | : | |
| | : | |
| -against- | : | **DECLARATION OF** |
| | : | **LITA BETH WRIGHT** |
| JOSEPH KORFF, | : | **IN SUPPORT OF** |
| | : | **PLAINTIFF'S BILL OF COSTS** |
| Defendant. | : | |

------------------------------------------------------------ x

  LITA BETH WRIGHT, an attorney duly admitted to practice law in the courts of this State, declares pursuant to 28 U.S.C. § 1746:

  1. I am an officer of the law firm Storch Amini & Munves PC, attorneys for plaintiff, David R. Kittay, Trustee ("Plaintiff"). I respectfully submit this declaration in support of Plaintiff's Bill of Costs.

  2. The Fees of the Clerk listed in the Bill of Costs is $250. A copy of the credit card filing receipt and Notice of Electronic Filing for the complaint are annexed here as Exhibit A.[1]

---

[1] Four complaints were filed that day, each at $250.

3. Plaintiff incurred fees in the amount of $166.94 in serving the summons and complaint on Defendant Joseph Korff. A true and correct invoice from Demovsky Law Service, the process server that served the Summons and Complaint upon the Defendant is annexed hereto as Exhibit B.

4. Plaintiff incurred expenses in the amount of $5,812.89 in expenses for court reporters for all or any parts of transcripts necessarily obtained for use in the case.

5. Plaintiff incurred $293.95 for the deposition of Joseph Korff taken on November 20, 2008; $639.50 for the deposition of Joseph Korff taken on October 14, 2010; $1,959.20 for the deposition of Gary Lampert taken on October 24, 2010; and $453.65 for the deposition of Azeta Kasem taken on October 24, 2010. True and correct copies of the invoices from TSG Reporting, the court reporter that transcribed each of the aforementioned depositions are annexed hereto as Exhibit C.

6. A true and correct copy of the invoice from the Southern District Reporters PC, the court reporter that transcribed the trial, is annexed hereto as Exhibit D. Plaintiff and Defendant agreed to split the charges for the trial transcripts equally. Plaintiff paid Southern District Reporters PC for Plaintiff's share of the October 25-27, 2010 trial transcript, $2,378.04. Plaintiff has not received a bill for the October 28, 2010 transcript. However, Defendant should pay that cost in full.

7. A true and correct copy of the invoice from Esquire for the transcript from the conference before Judge Hardin in the amount of $88.55 is annexed hereto as Exhibit E.

8. Plaintiff incurred $2,588.40 in printing costs and demonstratives used at trial. True and correct copies of the invoices from Kroll Ontrack/Trial Graphix and Driven for such fees are annexed hereto as Exhibit F.

9. Plaintiff incurred exemplification and copy charges for papers necessarily obtained for use at trial in the amount of $4,572.80. Of such charges, $4,511 were incurred in creating exhibits to be used at trial or received into evidence. Copies of Storch Amini & Munves PC's internal copy charge logs are annexed hereto as Exhibit G. Copies are charged at 20 cents per page. Plaintiff also incurred $11.80 in fees to obtain a certified copy of the bankruptcy petition of Douglas E. Palermo, which was introduced into evidence at trial. Plaintiff was charged $9.00 for the certification and ten ($0.10) cents per page for 28 pages for copying.

10. Plaintiff incurred witness fees in the amount of $85.00 for service of a trial subpoena upon Douglas E. Palermo.

11. Plaintiff is entitled to Docket Fees under 28 U.S.C. § 1923 in the amount of $20.00.

12. The above costs claimed are allowable by law, are correctly stated, and were necessarily incurred in the within action.

13. Plaintiff submits this Bill of Costs without prejudice to his February 3, 2011 Motion for Attorneys' Fees and Costs pursuant to New York Debtor-Creditor Law § 276-a currently pending before the Court. Plaintiff agrees to forego any double recovery of costs that may be awarded in that motion that may also be awarded by the Court through the Bill of Costs.

14. It is respectfully requested that the Court award Plaintiff $13,496.03 as listed in Plaintiff's Bill of Costs.

Dated: New York, New York
February 18, 2011

                                                                                         /s/ Lita Beth Wright
                                                                                          Lita Beth Wright