UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
DAVID R. KITTAY, TRUSTEE,              :    08 Civ. 7421 (RPP)
                                                            :
            Plaintiff,        :
                                                            :
    - against -                        :
                                                            :
JOSEPH KORFF,                          :
                                                            :
            Defendant.        :
                                                            :
------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**


STORCH AMINI & MUNVES PC
Attorneys for Plaintiff
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
(212) 490-4100

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ................................................................................................................................ 1

I. KORFF'S IMPROPER AND UNTIMELY MOTION FOR RECONSIDERATION SHOULD BE DENIED ........................................................ 1

II. THE TRUSTEE'S FEE ARRANGEMENT WITH COUNSEL IS NOT A CEILING TO HIS FEE AWARD UNDER DCL § 276-a .......................................................... 4

III. PLAINTIFF'S ATTORNEYS' FEES ARE REASONABLE ............................................ 6

IV. PLAINTIFF SHOULD RECEIVE AN AWARD FOR HIS EXPENSES AND DISBURSEMENTS ................................................................................................ 9

V. AN AMENDED JUDGMENT INCLUDING THE FEE AWARD SHOULD BE ENTERED WTHOUT DELAY ...................................................................................... 10

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**                                                         **Page**

Allen Oil Co., Inc. v. Comm'r of Internal Revenue,
    614 F.2d 336 (2d Cir.1980) ...................................................................................... 4 n. 6

Amer. Cas. Co. v. City of Detroit,
    851 F.2d 794 (6th Cir. 1988) ..................................................................................... 2 n. 2

Bensen v. Amer. Ultramar Ltd.,
    1997 WL 317343 (S.D.N.Y. June 12, 1997) ............................................................. 2 n. 2

Blanchard v. Bergeron,
    489 U.S. 87 (1989) ............................................................................................................ 5

Crescent Publ'g Group, Inc. v. Playboy Enters, Inc.,
    246 F.3d 142 (2d Cir. 2001) ......................................................................................... 5 - 6

Delman Fabrics Inc. v. Holland Fabrics Inc.,
    1986 WL 13083 (S.D.N.Y. Nov. 28, 1986) ...................................................................... 6

Getty Petroleum Corp. v. Bartco Petroleum Corp.,
    858 F.2d 103 (2d Cir. 1988) ............................................................................................. 5

Howard v. Whiteside,
    2010 WL 5287468 (E.D. Mo. Dec. 17, 2010) ........................................................... 2 n. 2

In re Rivastigmine Patent Litig.,
    2007 WL 1154000 (S.D.N.Y. Apr. 19, 2007) ................................................................... 2

Klarman v. Santini,
    503 F.2d 29 (2d Cir. 1974) ............................................................................................... 2

Marshall v. New Kids On The Block P'Ship,
    1993 WL 350063 (S.D.N.Y. Sept. 8, 1993) ...................................................................... 2

Morse/Diesel, Inc. v. Trinity Industries, Inc.,
    875 F. Supp. 165 (S.D.N.Y. 1994) ................................................................................... 2

Puello v. Bureau of Citizenship & Immigration Servs.,
    511 F.3d 324 (2d Cir. 2007) ....................................................................................... 4 n. 6

Quesada v. Thomason,
    850 F.2d 537 (9th Cir. 1988) ...................................................................................... 6 n. 7

Reiter v. MTA N.Y.C. Transit Authority,
    457 F.3d 224 (2d Cir. 2006) ..................................................................................5

Sargeant v. Sharp,
    579 F.2d 645, 649 (1st Cir. 1978) ........................................................................6 n. 7

TIC-X-Press Inc. v. Omni Promotions Co.,
    815 F.2d 1407 (11th Cir. 1987) ............................................................................6 n. 7

US v. Dauray,
    215 F.3d 257 (2d. Cir. 2000) ................................................................................4 n. 6

## Statutes And Other Authorities

DCL § 276-a ..............................................................................................................passim

Fed. R. Civ. Pro. 9(g).......................................................................................................2

Fed. R. Civ. Pro. 15 ....................................................................................................3 n. 4

Fed. R. Civ. Pro. 15(a)...............................................................................................2 n. 2

Fed. R. Civ. Pro. 54(c)...............................................................................................2 - 3

## PRELIMINARY STATEMENT

The jury's unanimous finding that the Debtor[1] and Korff acted with actual intent to delay, hinder or defraud the Debtor's creditors mandates a statutory award of attorneys' fees to the Trustee under New York DCL § 276-a. Notwithstanding the statute's clear mandate in such circumstances, Korff attempts to argue the merits of whether fees should be awarded when that issue has already been decided. Unfortunately for Korff, the only issue for determination on this motion is the amount of reasonable fees to be awarded to the Trustee. Korff then admits to arguing, albeit prematurely, his Rule 50 motion in the hope of avoiding entry of judgment on the Trustee's fee application without offering any basis in fact or law for granting such relief. Nor does Korff credibly dispute that his last minute decision to take this case seriously and hire Schiff Hardin the week before trial was the reason the Trustee's attorneys' fees skyrocketed. See Wright Decl. at ¶35 and Ex. B. Indeed, a comparison of Korff's fees to the Trustee's makes clear that the Trustee's legal fees are, in fact, reasonable.

Accordingly, Plaintiff's motion for attorneys' fees should be granted in all respects.

## ARGUMENT

### I. KORFF'S IMPROPER AND UNTIMELY MOTION FOR RECONSIDERATION SHOULD BE DENIED.

Korff devotes nearly half of his opposition to the merits of whether the Trustee should be awarded attorneys' fees under New York DCL § 276-a. See Korff Mem. at 2-3, 6-7, 9-11. As shown below, in so doing, he improperly (and belatedly) seeks reconsideration of this Court's decision granting the Trustee's motion to amend the complaint to add a claim for attorneys' fees. Because Korff concedes that New York DCL § 276-a mandates an award of reasonable attorneys' fees following a verdict in favor of a plaintiff under such statute, the sole issue to be

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in Plaintiff's Moving Memorandum of Law dated February 3, 2011 ("Moving Memo.").

decided on this motion is the amount of reasonable attorneys' fees to be awarded to Plaintiff, see Point II infra, and not whether the Court properly permitted the amendment of the complaint.

However, should the Court determine to address Korff's arguments on the merits, Korff misreads the case law. Although Korff claims that the Second Circuit has adopted the rule that attorneys' fees are "special damages" under Fed. R. Civ. Pro. 9(g) that must be pled in the complaint, he is wrong.[2] See In re Rivastigmine Patent Litig., 2007 WL 1154000 at *8 (S.D.N.Y. Apr. 19, 2007) (citing Klarman v. Santini, 503 F.2d 29, 36 (2d Cir. 1974) (The "failure to specifically request attorney's fees . . . does not in itself prevent their recovery.")). Indeed, even courts that have held that attorneys' fees are special damages will still permit their recovery under Rule 54(c) regardless of whether such damages were pled as long as no prejudice was suffered. In re Rivastigmine, at *8 (collecting cases). Similar to here, the attorneys' fees sought in Rivastigmine were statutory and requested by the prevailing party. Id. Even if not plead in the complaint, a party may demand attorneys' fees after trial on a Rule 54 motion. Morse/Diesel, Inc. v. Trinity Indus., 875 F. Supp. 165, 178 (S.D.N.Y. 1994) (permitting a request for attorneys' fees on a Rule 54 motion); Marshall v. New Kids On The Block P'Ship, 1993 WL 350063 at *1 (S.D.N.Y. Sept. 8, 1993) (Patterson, J.) (permitting post-trial request for attorneys' fees).

In Marshall, this Court permitted a party to assert a claim for attorneys' fees that was not pled in the pleadings because, inter alia, no prejudice resulted to the opposing party, Fed. R.

---

[2] The cases Korff cites concerning the alleged prejudice to him of the Trustee's motion to amend the complaint to add a DCL § 276-s claim for fees do not compel a contrary result. In Bensen v. Amer. Ultramar Ltd., 1997 WL 317343 at *6 (S.D.N.Y. June 12, 1997), the court denied a motion to amend the complaint to add a claim for attorneys' fees under English law because, inter alia, the request was not raised until post-trial briefing and was a novel claim. Howard v. Whiteside, 2010 WL 5287468 at *1 (E.D. Mo. Dec. 17, 2010), involves an amendment to the complaint prior to trial under Fed. R. Civ. Pro. 15(a) and not an amendment during or after trial under Fed. R. Civ. P. 15(b). Amer. Cas. Co. v. City of Detroit, 851 F.2d 794 (6th Cir. 1988), involved the denial of attorneys' fees arising from an indemnification clause in a contract and not a statutory mandate of fees.

2

Civ. Pro. 15 permits liberal amendments to complaints and this Court was unconvinced by the argument that the party relied on the absence of attorneys' fees in evaluating the case. Id. Here, Korff suffered no prejudice for at least the following reasons: (i) he was on notice of the Trustee's intent to seek attorneys' fees under New York DCL 276-a before he even retained Schiff Hardin, (see the Reply Declaration of Bonnie A. Tucker dated February 25, 2001 "Tucker Decl." at Ex. 2 at p. 4, ¶ 12);[3] (ii) the complaint was amended pre-judgment (unlike the cases he cites where the amendment occurred post-judgment);[4] (iii) he planned his trial strategy all along on the assumption, albeit an incorrect one, that the Trustee would have to prove actual fraud on the part of the *transferee* to succeed on the New York DCL § 276 claim that was pled in the Trustee's complaint;[5] and (iv) the issue of whether he received the transfer with actual intent to defraud the Debtor's creditors was submitted to the jury.

---

[3] In the joint Pre-Trial Order, signed by Korff on October 7, 2010, the Trustee included a request for attorneys' fees pursuant to New York DCL § 276-a. See Tucker Decl. at Ex. 2. Moreover, Korff's counsel recognized Plaintiff's intent to pursue a claim under New York DCL § 276-a in its very first letter to the Court. See Letter from Carl Oberdier to the Court, dated October 19, 2010, at p.3 annexed to the Tucker Decl. as Ex. 3.

[4] On October 27, 2010, following the denial of Korff's motion for a directed verdict but before the jury rendered its verdict, Plaintiff moved this Court for an order amending the complaint pursuant to Fed. R. Civ. Pro. 15 to add a claim for attorneys' fees pursuant to New York DCL § 276-a. See Tucker Decl. at Ex. 4 at pp. 576-595. Following oral argument, the Court took its decision under advisement and reserved its decision. See id. at p. 587. The Court granted Plaintiff's motion on October 28, 2010 and submitted to the jury the issue of whether Korff had the actual intent to defraud the Debtor's creditors. See id. at p. 700:19-23. Any motion to reconsider the Court's ruling on Plaintiff's motion to amend had to be made no later than November 12, 2010. Accordingly, Korff's application is time-barred.

[5] Any argument of alleged surprise or prejudice to Korff is belied by the record and his own legal position throughout the trial wherein he maintained, albeit incorrectly, that under New York DCL § 276, the Trustee was required to demonstrate the actual intent of the Debtor *and Korff*. On October 22, 2010, Schiff Hardin resubmitted Defendant's Requests to Charge and included the following as part of Request to Charge No. 20: "To prevail on his claim under Debtor and Creditor law Section 276, Plaintiff must prove by clear and convincing evidence that both Mr. Palermo and Mr. Korff engaged in the transfer with actual intent to hinder, delay, or defraud Mr. Palermo's creditors." See Defendant's Request to Charge No. 20 annexed to the Tucker Decl. as Ex. 5. Then prior to the start of the third day of trial and following the commencement of Korff's trial testimony, Korff submitted Amended Requests to Charge containing the same language on New York DCL § 276. See Defendant's Amended Request to Charge No. 23 annexed to the Tucker Decl. as Ex. 6. Even during the charging conferences, Korff maintained that actual intent on the part of Korff, as transferee, and the Debtor was required under New York DCL § 276. See Tucker Decl. Ex. 4 at pp. 203:9-206-1; 570:15-23 and 594:14-20; 601:3-8. The record makes plain that Korff's trial strategy all along focused on showing that he lacked the actual intent to defraud the Debtor's creditors and such defense, even if wrong as a matter of law, was an integral part of his defense to the Trustee's claim under New York

Accordingly, this Court should issue an award to the Trustee for the reasonable attorneys' fees and expenses as detailed in the Wright and Tucker Declarations.

## II. THE TRUSTEE'S FEE ARRANGEMENT WITH COUNSEL IS NOT A CEILING TO HIS FEE AWARD UNDER DCL § 276-a.

Korff argues that the Trustee's fee arrangement with his counsel acts as a ceiling on any fees awarded to him under the statute. In support of his argument, Korff's focuses on the last sentence of New York DCL § 276-a, which provides, in relevant part, that "[t]he fee so fixed shall be without prejudice to any agreement, express or implied, between the . . . trustee in bankruptcy . . . and his attorney with respect to the compensation of such attorney." Without citing a single supporting case, Korff argues that the phrase "without prejudice to the contingency agreement between [the Trustee] and his counsel" really means that "if the Court awards less than the amount of the fee agreement, counsel is not prejudiced from collecting the remaining amounts from their client, the Plaintiff." Korff Mem. at 5. In so doing, Korff ignores its plain meaning and misinterprets the phrase "without prejudice to the contingency agreement between [the Trustee] and his counsel." Id. Korff's revisionist interpretation also disregards long-established principles of statutory interpretation, and impermissibly rewrites the statute.[6]

Korff argues that the Johnson court's sixth factor requires that the actual fee arrangement sets a ceiling on any fee awarded by the court under a statute. Korff Mem. at 5. But Korff ignores the fact that, subsequent to Johnson, the Supreme Court determined that the sixth

---

DCL § 276. As such, the inclusion of claim under New York DCL § 276-a did not prejudice Korff in any way, and would not have changed his trial strategy if included earlier in the case, as it was clearly part of his strategy the entire time.

[6] The first step in statutory interpretation is to consider the statute's plain meaning and use the "ordinary, common-sense meaning of the words." U.S. v. Dauray, 215 F.3d 257, 260 (2d. Cir. 2000). "'[A] statute must, if reasonably possible, be construed in a way that will give force and effect to each of its provisions rather than render some of them meaningless.'" Puello v. Bureau of Citizenship & Immigration Servs., 511 F.3d 324, 329 (2d Cir 2007) (alteration in original) (citing Allen Oil Co., Inc. v. Comm'r of Internal Revenue, 614 F.2d 336, 339 (2d Cir.1980)). Accordingly, the plain meaning of the statute provides for this Court to fix Plaintiff's counsel's reasonable attorneys' fees.

4

Johnson factor, "whether the fee is fixed or contingent[,]" is "but a single factor and not determinative" of the reasonable attorneys' fee award. Blanchard v. Bergeron, 489 U.S. 87, 92-93 (1989). Indeed, as the Supreme Court held:

> a reasonable fee should be granted regardless of the individual plaintiff's fee obligations. *Johnson's* "list of 12" thus provides a useful catalog of the many factors to be considered in assessing the reasonableness of an award of attorneys' fees; but the one factor at issue here, the attorneys' private fee arrangement, standing alone, is not dispositive.

Id. at 93. Therefore, contrary to Korff's suggestion, "a contingent-fee contract does not impose an automatic ceiling on an award of attorneys' fees. . . ." Id. (abrogating the Johnson's court ruling on the sixth factor). In concluding that the contingency fee agreement in Blanchard did not operate as a ceiling to the recovery of attorneys' fees, the Supreme Court found that the statute at issue did not require that the attorneys' fee be incurred under the plaintiff's existing fee agreement with counsel. Id. Similarly, New York DCL § 276-a does not require the attorneys' fees to be incurred, but just to be reasonable. Thus, Korff's so-called interpretation of the last sentence in DCL § 276-a is not consistent with the statute's plain meaning, particularly when considered in light of the Supreme Court's decision in Blanchard.

Since Johnson and Blanchard were decided, the Second Circuit and courts both within and outside of this Circuit have awarded reasonable statutory attorneys' fees beyond the amount that would be recovered under a contingency agreement. See Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232-33 (2d Cir. 2006) (finding that current reasonable attorneys' fees should be awarded even though retainer agreement offered a discounted rate); Getty Petroleum Corp. v. Bartco Petroleum Corp., 858 F.2d 103, 114 (2d Cir. 1988) (noting that a "defendant[]-who acted willfully-should not benefit by the agreement between plaintiff and counsel" and fees should be awarded based on counsel's usual billing rates); Crescent Publ'g Group, Inc. v.

Playboy Enters., Inc., 246 F.3d 142, 151 (2d Cir. 2001) ("We are not prepared to declare a per se rule that the actual billing arrangement places a ceiling on the amount the prevailing party can recover through a fee award . . . especially in light of the district courts' broad discretion in awarding fees."); Delman Fabrics Inc. v. Holland Fabrics Inc., 1986 WL 13083 at *1 (S.D.N.Y. Nov. 28, 1986) (finding that the contingency fee agreement was irrelevant to the fee award and awarded reasonable attorneys' fees in accordance with the applicable statute).[7]

Notwithstanding Korff's suggestion to the contrary, the Trustee will not receive a windfall or a benefit by the awarding of the Trustee's counsel's reasonable hourly attorneys' fees. Rather, to limit the Trustee's fee award to the existing fee arrangement with his counsel results in a windfall to Korff by requiring him to pay less than what is statutorily mandated. Moreover, this action was prosecuted not for the Trustee's personal benefit, but for the benefit the Debtor's creditors. Public policy favors the awarding of reasonable hourly attorneys' fees to encourage law firms to take on and prosecute such actions.

### III. PLAINTIFF'S ATTORNEYS' FEES ARE REASONABLE.

The time expended by Plaintiff's counsel in connection with the prosecution of this action was necessary and reasonable and should not be reduced beyond the amounts already deducted in the Trustee's application. See Wright Decl. ¶9. As the record reflects, the Trustee's counsel expended a substantial amount of time redoing work upon Schiff Hardin's retention on the eve of trial retention on October 18, 2010. Although, the Trustee and Korff submitted a joint Pre-Trial Order listing exhibits and objections thereto, Schiff Hardin submitted a new set of objections to the Trustee's exhibits and added new exhibits never produced before in the action.

---

[7] Accord Quesada v. Thomason, 850 F.2d 537, 543 (9th Cir. 1988) (holding that a statutory fee award was improperly reduced because of a contingency fee agreement); TIC-X-Press Inc. v. Omni Promotions Co., 815 F.2d 1407, 1424 (11th Cir. 1987) (allowing a statutory award of fees in excess of the retainer agreement); Sargeant v. Sharp, 579 F.2d 645, 649 (1st Cir. 1978) ("[A] fee agreement is irrelevant to the issue of entitlement and should not enter into the determination of the amount of a reasonable fee.").

Moving Memo. at pp. 4-7. Likewise, Schiff Hardin also submitted new requests to charge rendering the Trustee's work with regard to Korff's first set of requests to charge futile, and requiring the Trustee's counsel to review and analyze the new charges and conduct further research. Id. Then Korff's newly retained counsel submitted five letter briefs requiring legal research and drafting responses. This substantially increased the time required by the Trustee to prepare for trial and necessitated an increase in staffing.[8] Id. That is not all.

As a result of Korff's last minute document productions, multiple applications for relief (including a dispositive motion and several untimely motions *in limine*) and additional depositions, the Trustee's counsel was forced to dramatically increase the time and staffing required to try this action. In light of this activity, the staffing of the Trustee's trial team was not inflated or excessive. Plaintiff is only seeking reimbursement of attorneys' fees for four (4) attorneys: the two trial attorneys, Lita Beth Wright and Bonnie A. Tucker (totaling 505.90 hours), and two attorneys that assisted the Trustee on discrete legal issues leading up to trial, Avery Samet and Elizabeth Toll (totaling 7.9 hours). See Wright Decl. at 8, ¶25 and Ex. A; Tucker Decl. at Ex. 1. The trial team also consisted of Thomas Monahan, a law clerk at the time of the trial, and four paralegals that provided litigation support. Wright Decl. at ¶41.

The Trustee's staffing of his trial team and the amount of attorneys' fees is reasonable, especially in comparison to the rather substantial effort put in by Korff's trial team. Korff, an attorney himself, was represented at trial by two attorneys, Carl Oberdier and Andrea Marcus. Mr. Oberdier and Ms. Marcus were supported by Korff plus his personal office staff of seven individuals, who provided litigation support. See Docket No. 68, the Supplemental Declaration

---

[8] Notably, Korff does not object to the time incurred by the Trustee's counsel form the inception of the action through and including the final status conference held before the Honorable Kenneth M. Karas on July 20, 2010. See Wright Decl. at ¶¶27-34. This amounts to $15,244.50 for 105.30 hours of work.

7

of Carl W. Oberdier dated November 29, 2010 ("Oberdier Supp. Decl.") at Ex. C. A review of the time records submitted by Korff for himself and his employees in his unsuccessful sanctions motion demonstrates that Korff performed legal work similar to that of an associate or law clerk, such as the drafting of court submissions. Id. In addition, Korff chose to utilize his office staff to perform paralegal and support functions rather than use Schiff Hardin's paralegals and support staff. The fact that the paralegal support was provided by Korff's employees rather than Schiff Hardin does not change the nature of the services they performed, which included exhibit and trial preparation, legal research and preparation of motion papers. Id.

Although the size of the trial teams was comparable (though Korff's was larger), Korff's trial team expended more time than the Trustee's. A comparison of the time expended and "fees" billed by Korff's trial team from October 25, 2010 through November 29, 2010 to the Trustee's trial team over the same period shows the reasonableness of the fees incurred. As detailed in Korff's unsuccessful motion for reconsideration, from October 25, 2010 through November 29, 2010, Schiff Hardin billed $109,037 for 206.50 hours of work, Andrea Marcus, Esq. billed $7,447.50 for 99.3 hours of work and Korff and his office staff billed $66,850.00 for 510.50 hours of work totaling $183,334.50 for 816.30 hours. See Tucker Decl. at ¶¶ 2-3 and accompanying exhibits. Over that same period of time, Plaintiff's trial team billed 404.6 hours amounting to $109,470.00 in fees. See id. Indeed, the Trustee's fees for this time period were equal to that of Schiff Hardin. Id.

Finally, Korff's argument that the Trustee's attorneys' fees are unreasonable in light of the potential recovery, $477,000.00 including pre-judgment interest, is belied by the fact that he spent a similar amount of time and money defending against the same potential recovery. There is no better evidence that the amount of fees and time was expended by the Trustee's legal team

was reasonable than to compare it with the amount of fees and time expended by Korff's trial team. Accordingly, the Trustee's fees are reasonable, are not inflated and the work performed was necessary to obtain the favorable result.[9]

## IV. PLAINTIFF SHOULD RECEIVE AN AWARD FOR HIS EXPENSES AND DISBURSEMENTS.

Without any legal support, Korff argues that Plaintiff is not entitled to be reimbursed for his expenses and disbursements. As detailed in the Wright Decl., the Trustee incurred a total of $62,637.71 in costs and expenses in prosecution of this matter. All such charges were reasonably necessary and required. The overtime expenses and meals were required for the Trustee to prepare for trial and respond to the many submissions that Korff and Schiff Hardin submitted at the eleventh hour. The consulting accounting fee was also necessary and reasonably incurred in assisting the Trustee's counsel in reviewing the last minute accounting records and tax returns produced by Korff. An award of the Trustee's expenses and disbursements is consistent with the purpose of New York DCL § 276-a, which is to restore the Debtor's estate to a position had the fraudulent transfers not occurred. See Moving Memo. at Point I.B at pp. 12-13.[10]

---

[9] Since the Trustee moved for attorneys' fees on February 3, 2011, the Trustee has incurred additional attorneys' fees and expenses in the amount of $28,803.45 as detailed in the Tucker Decl. These attorneys' fees and expenses were incurred in replying to the motion for pre-judgment interest, submitting a Notice of Settlement and Proposed Judgment to the Court in accordance with the Court's decision of February 4, 2011, replying to Korff's objection to the proposed judgment, submitting the instant reply and his Request to Tax Costs and Bill of Costs. The Trustee respectfully reserves the right to supplement this fee application for fees incurred in connection with any subsequent proceedings in this action or on appeal.

[10] The Trustee submitted its Request to Tax Costs Pursuant to Local Rule 54.1 and Bill of Costs on February 24, 2011. A hearing is noticed for March 8, 2011 at 10:00 A.M. The Trustee acknowledges that it is not entitled to a double-recovery of expenses and disbursements and that any judgment would be reduced to reflect any amount awarded herein and in the Request to Tax Costs and Bill of Costs.

9

## V. AN AMENDED JUDGMENT INCLUDING THE FEE AWARD SHOULD BE ENTERED WITHOUT DELAY.

This Court should not "reserve judgment" on the Trustee's motion for attorneys' fees pending Korff's motion for JNOV. The only argument offered in support of this request is a preview of his Rule 50 motion, which he could have made, but chose not to, at any time since the verdict was rendered on October 28, 2010. He has articulated no prejudice to entering judgment on any fees awarded, especially since judgment has already been entered in amount that far exceeds the fees sought. Besides, if Korff wishes to prevent execution on the judgment, which is the only apparent reason he has for asking the Court to "reserve judgment," he has a statutory remedy for that.

## CONCLUSION

For the all of the foregoing reasons, as well as those set forth in the Trustee's moving papers and supporting Declarations, this Court grant the Trustee's motion for attorneys' fees in all respects, and enter further judgment in the Trustee's favor to include the amount of $341,404.66 in attorneys' fees and expenses, and grant such other and further relief as this Court deems just and equitable.

Dated: New York, New York
February 25, 2011

                                        STORCH AMINI & MUNVES PC

                                        By: /s/ Lita Beth Wright
                                               Bijan Amini (BA 3533)
                                               Lita Beth Wright (LW 0442)
                                               Bonnie A. Tucker (BT 8340)
                                               Two Grand Central Tower
                                               140 East 45th Street, 25th Floor
                                               New York, New York 10017
                                               (212) 490-4100
                                               Attorneys for Plaintiff